# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| WILLIE R. LEE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-80-TLS |
| SUPERINTENDENT, Indiana State Prison, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Willie R. Lee, a prisoner in the Indiana State Prison who is proceeding pro se in this matter, is serving a seventy-four year sentence for his 1996 conviction in the Fayette County Circuit Court for dealing in cocaine and being a habitual offender. He filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] and subsequently an amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 9] challenging his conviction and sentence.

## BACKGROUND

The Petitioner appealed his state court conviction and sentence, and on December 19, 1997, the Indiana Supreme Court affirmed the trial court's judgment. (DE 15-3, 15-6.) The Petitioner sought rehearing, which was denied on March 30, 1998. (DE 15-3.)

On February 1, 1999, the Petitioner filed a petition for post-conviction relief in the Fayette Circuit Court, and on July 28, 2003, the state court entered an order summarily denying his petition. (DE 15-2.) The Petitioner appealed this decision, and on August 26, 2004, the Indiana Court of Appeals remanded the case for an evidentiary hearing. (DE 15-7.) Following an evidentiary hearing, the Fayette Circuit Court denied the Petitioner's petition on January 17, 2006. (DE 15-2.) The Petitioner appealed this ruling. (DE 15-8.) On June 7, 2007, the Indiana

Court of Appeals affirmed the state court's denial of post-conviction relief. (DE 15-10.) The Petitioner sought transfer to the Indiana Supreme Court, which was denied on September 4, 2007. (DE 15-7.)

On February 15, 2008, the Petitioner filed his Petition for Writ of Habeas Corpus in this Court. After being ordered to file a more definite statement of his claims, the Petitioner filed an amended Petition [DE 9] on September 9, 2008. On July 28, 2008, this Court entered an Order [DE 5] pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and requested that the Respondent show cause why a writ of habeas corpus should not be granted. On January 1, 2009, the Respondent filed a Return to Order to Show Cause [DE 15] with materials attached and a Memorandum in Support [DE 16]. On April 9, the Petitioner filed a Traverse [DE 22] and a Memorandum of Law in Support of Traverse [DE 23]. On August 10, the Respondent filed a Return to Order to Submit Further Argument or Authorities [DE 25]. On October 23, this Court stayed further proceedings until the Indiana Supreme Court ruled on the question of whether the "mailbox" rule applies to prisoner filings in state court. On March 22, 2010, the Respondent filed a Notice to Court and Supplement to Return to Order to Submit Further Argument or Authorities [DE 27], notifying the Court of the Indiana Supreme Court's ruling. On April 5, this Court lifted the stay and afforded the Petitioner until May 5, 2010, to file any further response to the Respondent's submissions. The Petitioner has filed no further response.

**DISCUSSION**

The Respondent argues that the Petition should be denied because it is untimely and consequently because his claims are barred by procedural default.

**A.     The Applicable Standards**

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) a state-created unconstitutional impediment to appeal was removed, if the petitioner was prevented from filing by such state action; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed application for state post-conviction relief or other collateral review tolls the one-year statute of limitations. A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 6 (1987).

Federal courts "are barred from considering procedurally defaulted claims unless the petitioner 'can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (quoting *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)). *See also*

*House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Thus, a habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)). Cause sufficient to excuse procedural default "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [] efforts to comply" with the procedural requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Likewise, a habeas petitioner may overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *Wrinkles*, 537 F.3d at 812 (citing *Murray*, 477 U.S. at 496). Under this narrow fundamental miscarriage exception, the petitioner must establish that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Smith v. McKee*, 598 F.3d 374, 387–88 (7th Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

B.  **The Petitioner's Untimely Petition**

Applying the limitations provisions of Section 2244(d)(1), the Court finds that this federal action is not timely and that the Petitioner is barred by procedural default from bringing his claims. The Petitioner's conviction became final on June 28, 1998, the date when the time to seek direct review from the judgment affirming the conviction expired. (DE 15-2.) *See Griffith*, 479 U.S. at 321 & n. 6 (a conviction is "final" when the time for seeking direct review from the

4

judgment affirming the conviction has expired); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Accordingly, the statute of limitations established by 28 U.S.C. 2244(d)(1) began to run on June 28, 1998. The Clerk of this Court did not receive the Petitioner's habeas Petition until February 15, 2008, which is 9 years, 7 months, and 17 days after his conviction became final. The Petitioner had until June 28, 1999, to file a habeas corpus petition or a state post-conviction petition that would toll the statute of limitations period. The Petitioner filed a petition for state post-conviction relief on February 1, 1999. (DE 15-2.) At that time, 7 months and 3 days had expired. This state post-conviction proceeding tolled the statute of limitations until September 4, 2007, the day the Indiana Supreme Court denied transfer. (DE 15-7.) The Petitioner then had 147 days, or until January 29, 2008, within which to file his habeas petition. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to a court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court. The Petitioner states that he placed his Petition in the prison mailing system on January 31, 2008, (DE 1 at 9), and the Court accepts January 31, 2008, as the date this Petition was filed. If the Petitioner placed his Petition in the prison mailing system on January 31, 2008, he filed it 2 days after the statute of limitations period expired.

As noted above, the statute of limitations is stayed while a post-conviction petition is pending in state court. The Petitioner argues in his Traverse that if this Court accepts the date he submitted his state post-conviction petition to prison officials for mailing, instead of the date it was file marked by the state court clerk, then the statute of limitations was stayed for a longer period of time, and his federal habeas Petition is within the statute of limitations. Determining

5

when a petition for post-conviction relief was "filed" in a state court is a question of state law. If the state courts treat a submission in state court as filed on a certain date, then federal courts accept that date for purposes of habeas review. So, if the Indiana courts construe a prisoner's submission as filed when he submits it to prison authorities for mailing, the Petitioner's habeas Petition was filed within the federal habeas statute of limitations, but if the Indiana Supreme Court would not accept the Petitioner's petition for state post-conviction relief as filed the day he mailed it, then his habeas Petition in this case is untimely.

In *Dowell v. State*, the Indiana Supreme Court addressed the question of whether Indiana law provided a prison mailbox rule to determine the filing date of a pleading submitted by a prisoner. *Id.*, 922 N.E.2d 605 (Ind. 2010). The court affirmed its practice of applying the prison mailbox rule under the Indiana Rules of Appellate Procedure and requiring prisoners proceeding pro se to "provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Id.* at 607. However, the court recognized that the Indiana Rules of Trial Procedure present a different situation and that the provisions of Indiana Trial Rule 5(F) regarding the requirements for filing in a trial court are applicable to prisoners. *Id.* at 609. The court explained that the gist of the Rule 5(F) filing requirements is that "when a party transmits by an independently verifiable means (like registered mail or third-party carrier), the filing is deemed to have occurred upon mailing or deposit. When other means are used, filing occurs on the date the filing is in the hands of the clerk." *Id.* The court added: "The principle of the mailbox rule has been applied under Rule 5 only when the court is satisfied that the prisoner had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing

deadline, notwithstanding the fact that the postmark reflected a date after the deadline." *Id.* Consequently, the court in *Dowell* found that the criminal defendant had tendered his document to prison officials to deliver by regular mail, that the date of filing was the date it was received by the trial court clerk, and that the defendant had not timely filed his motion to correct error. *Id.*

In this case, although the Petitioner has provided evidence that he requested remittance to send legal mail to the Fayette Circuit Court on January 22, 1999, he has not provided any evidence to show that he requested that the petition for state post-conviction relief be sent by registered or certified mail or through a third-party carrier. Thus, under state law, the Petitioner's state post-conviction relief petition was filed on the date it was received by the clerk of the Fayette Circuit Court, which was February 1, 1999. This means that the Petitioner's Petition for Writ of Habeas Corpus, which was filed in this Court more than one year after his judgment was final, is untimely.

The Petitioner's federal habeas Petition is untimely under the other provisions of the statute as well. The Petitioner has not shown that he was unable to raise the claims set forth in his federal Petition because of any impediment to appeal created by the state. Accordingly, the Petitioner's federal claims are barred as untimely under 28 U.S.C. § 2244(d)(1)(B). Furthermore, the claims in the Petition are not founded upon, or are alleged to be founded upon, new law made retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Thus, his Petition is barred under 28 U.S.C. § 2244(d)(1)(C) and § 2244(d)(1)(D). Because the Petitioner accumulated more than a year of delay before filing his Petition for a writ of habeas corpus, the Court finds that 28 U.S.C. § 2244(d)(1) bars this Court's consideration of the Petitioner's procedurally defaulted claims.

At the beginning of his Memorandum of Law in Support of Traverse, the Petitioner may implicitly reference the cause and prejudice exception to procedural default by citing *Engle v. Isaac*, 456 U.S. 107 (1982). The Petitioner makes no cause argument, and the prejudice argument he makes is under the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), regarding the assistance of his counsel. The Court finds that the Petitioner has not shown cause (e.g., some objective, external factor impeding compliance) for failing to abide by procedural rules or a resulting prejudice from that failure. Although the Petitioner at the beginning of his Memorandum of Law in Support of Traverse references the fundamental miscarriage of justice exception to procedural default, the Defendant in his Traverse and Memorandum of Law in Support never claims that he is actually innocent, and his factual arguments do not suggest an actual innocence claim. Consequently, the Court finds that he has not shown a fundamental miscarriage of justice. For these reasons, the Court finds that the Petitioner has not met his burden of establishing cause and prejudice to excuse his procedural default or that the failure to consider the claim would result in a fundamental miscarriage of justice.

## CONCLUSION

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus [DE 9] is DENIED.

SO ORDERED on July 12, 2010.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION