UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIE R. LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-80-TS |
| | ) | |
| SUPERINTENDENT, Indiana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petitioner's Motion to Alter or Amend Judgment [ECF No. 31], filed on July 29, 2010, pursuant to Federal Rule of Civil Procedure 59(e). The Petitioner is a prisoner serving a seventy-four year sentence in state custody for his 1996 Fayette County conviction for dealing in cocaine and his adjudication as a habitual offender. On February 15, 2008, he filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1], and on September 9, 2008, he filed an amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 9]. The Respondent argued that the Petition should be denied because it was untimely.

On July 12, 2010, the Court issued an Opinion and Order [ECF No. 29] denying the amended Petition. The Court noted that the Indiana Supreme Court in *Dowell v. State*, 922 N.E.2d 605 (Ind. 2010), approved applying the prison mailbox rule under the Indiana Rules of Appellate Procedure and requiring prisoners proceeding pro se to "provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Id.* at 607. This Court also noted that the Indiana Supreme Court in *Dowell* found that the Indiana Rules of Trial Procedure impose specific filing requirements in a trial court, that these requirements apply to prisoners, and that "[t]he principle

of the mailbox rule has been applied under [Trial] Rule 5 only when the court is satisfied that the prisoner had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing deadline, notwithstanding the fact that the postmark reflected a date after the deadline." *Id.* at 609. Based upon controlling state law, this Court determined that, "although the Petitioner has provided evidence that he requested remittance to send legal mail to the Fayette Circuit Court on January 22, 1999, he has not provided any evidence to show that he requested that the petition for state post-conviction relief be sent by registered or certified mail or through a third-party carrier." (July 12, 2010, Op. & Order 7.) The Court then found that, "under state law, the Petitioner's state post-conviction relief petition was filed on the date it was received by the clerk of the Fayette Circuit Court, which was February 1, 1999." (*Id.*) Consequently, this Court held that the statutory period established by 28 U.S.C. § 2244(d)(1) expired before the Petitioner filed his Petition seeking a writ of habeas corpus and that his Petition was untimely.

Rule 59(e) allows a court to alter or amend a judgment only if the party can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). In his Motion to Alter or Amend Judgment, the Petitioner presents no newly discovered evidence, but he argues that this Court erred in retroactively applying the Indiana Supreme Court's ruling in *Dowell* to the petition for post-conviction relief he filed in 1999 and that this Court has thereby violated the *ex post facto* prohibition of the United States Constitution. He also contends that the Indiana Court of Appeals in *Dowell v. State*, 908 N.E.2d

648 (Ind. Ct. App. 2009),[1] had recognized a more liberal mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988), and urges the Court to apply a more liberal version of the mailbox rule to his 1999 filing than the version adopted by the Indiana Supreme Court in *Dowell*.

As noted above, the Indiana Supreme Court in *Dowell* acknowledged that the Indiana Rules of Appellate Procedure do not explicitly provide for the prison mailbox rule, but the court made explicit its recognition of the prison mailbox rule purposes of the Indiana Rules of Appellate Procedure. *Id.*, 922 N.E.2d at 607. However, in its treatment of the Indiana Rules of Trial Procedure, the *Dowell* court did not announce a new rule; rather, it interpreted the filing requirements of Indiana Rule of Trial Procedure 5(F). In interpreting Trial Rule 5(F), the court relied upon the following cases, which date from 1999 and earlier: *Cooper v. State*, 714 N.E.2d 689 (Ind. Ct. App. 1999); *Baker v. State*, 505 N.E.2d 498 (Ind. Ct. App. 1987); and *Indianapolis Mach. Co. v. Bollman*, 339 N.E.2d 612 (Ind. Ct. App. 1976). Additionally, in *Dowell*, the Indiana Supreme Court applied its interpretation of Rule 5(F) to the facts of that case, which involved Mr. Dowell's untimely submission of a motion in 2008. Consequently, the Petitioner's retroactivity argument does not persuade the Court that its application of the Indiana Supreme Court's interpretation of the requirements of Indiana Rule of Trial Procedure 5(F) and the mailbox rule was improper. Furthermore, the *Ex Post Facto* Clause forbids laws that retroactively alter the elements of or increase punishment for earlier crimes. U.S. Const. art. I, § 10, cl. 1; *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006); *Westefer v. Snyder*, 422 F.3d 570, 576 (7th Cir. 2005). However, the Petitioner here has shown no violation of the *Ex Post*

---

[1] When the Indiana Supreme Court granted the petitions for transfer in *Dowell*, the Indiana Court of Appeals opinion in *Dowell v. State*, 908 N.E.2d 643 (Ind. Ct. App. 2009), was automatically vacated pursuant to Indiana Rule of Appellate Procedure 58(A).

*Facto* Clause, because there has not been a retroactive alteration of the elements or an increase in the punishment for an earlier crime.

For the foregoing reasons, the Court DENIES the Petitioner's Motion to Alter or Amend Judgment [ECF No. 31].

SO ORDERED on September 8, 2010.

                                     s/ Theresa L. Springmann
                                     THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT
                                     FORT WAYNE DIVISION